FILED'08 OCT 15 13:55 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Case No. 02-419-KI |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| GREGORY A. GALLENTINE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Johnathan S. Haub
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Gregory A. Gallentine
#55335-065
USP Florence
P. O. Box 7000
Florence, Colorado  81228

    Pro Se Defendant

KING, Judge:

Defendant Gregory Gallentine was convicted of bank robbery, 18 U.S.C. § 2113(a), and sentenced on March 26, 2003 to 84 months imprisonment followed by a three year term of supervised release. Before the court is Gallentine's Application for a Writ of Habeas Corpus.

I deny Gallentine's application for a few reasons. First, although his memorandum is lengthy, it appears to be a form on which Gallentine filled in a few blanks. Beyond a guess that the application concerns Gallentine's supervised release term, I am unable to discern either the issue he raises or the relief he seeks.

Second, Gallentine filed his application far too late. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limited the time in which a prisoner could file a § 2255 motion. The motion must be filed within one year of the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Page 2 - OPINION AND ORDER

    (4) the date on which the facts supporting the claim or claims presented
could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Gallentine mentions <u>Booker</u> a few time, presumably referring to <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005). <u>Booker</u>, however, is not retroactive and does not apply to cases on collateral review where the conviction was final as of the date of <u>Booker</u>'s publication. <u>United States v. Cruz</u>, 423F.3d 1119, 1121 (9th Cir. 2005), <u>cert. denied</u>, 546 U.S. 1155 (2006). In any case, over a year has passed since the Court filed <u>Booker</u>.

  For these reasons, I deny Gallentine's Application for a Writ of Habeas Corpus.

  IT IS SO ORDERED.

  Dated this ___15___ day of October, 2008.

          /s/ Garr M. King
          Garr M. King
          United States District Judge

Page 3 - OPINION AND ORDER